Morris Rosen, Respondent, v. Dudley Harde and Others, Appellants.

First Department, June 20, 1933.

*Ira Skutch* of counsel [*Harold Schwarzberg* with him on the brief; *Ira Skutch*, attorney] for the appellants Dudley Harde and others.

*Joseph V. McCabe* of counsel [*Richard B. Hand* with him on the brief, attorney], for the appellant Willoughby Sharp.

*Joseph Dannenberg* of counsel [*Julius M. Arnstein* with him on the brief; *Joseph Dannenberg*, attorney], for the respondent.

Townley, J. This action was brought to recover damages for the alleged failure of the defendants to execute two orders to close out brokerage accounts which the plaintiff had with the defendants. Plaintiff's account with the defendants had been opened through one Weinstock, the defendants' customers' man. At the time the account was opened, the plaintiff executed the usual customer's agreement by which it was agreed, among other things, that orders in the account were to be given by Weinstock and that Weinstock had power over the account. The exact language used was "Orders Given by: Nathan Weinstock. Power to: Nathan Weinstock." By this agreement the plaintiff constituted Weinstock his agent and gave him power to conduct transactions in the

account. This fact was conceded by a stipulation appearing in the record that Weinstock " had a general power of attorney from plaintiff to act for plaintiff between January 1, 1930, and November 1, 1930." There were two accounts carried by the plaintiff with the defendant, which were designated as account No. 1 and account No. 2.

On June seventh there was a margin call and, as must be assumed from the verdict of the jury, plaintiff directed Weinstock to sell out account No. 1. This direction was not carried out. On June eleventh, while plaintiff was away in the country, plaintiff gave further directions to sell out account No. 2. This instruction was also disregarded. On July tenth plaintiff's attorney complained in writing to the defendants of the fact that Weinstock had not executed these orders but did not give any instructions to sell at that time. Further orders were executed during the summer and apparently through Weinstock.

The only question submitted to the jury was whether plaintiff had in fact given the orders to Weinstock. The jury was expressly instructed that Weinstock was defendants' customers' man whose duties were to solicit customers and to receive orders from such customers. The court said: " That defines the scope of the employment of Weinstock and it places upon the defendants the obligation to perform the directions and instructions of the customers as given to Weinstock whom they held out as their representative for that purpose." This instruction was clearly erroneous.

Plaintiff stipulated that he gave a general power of attorney to Weinstock to manage the account for him. The effect of this power was to permit defendants to act on Weinstock's orders until plaintiff either changed or revoked the power. (See Bosak v. Parrish, 252 N. Y. 212, 216.) The trial court in view of the stipulation should have ruled as matter of law that so far as orders to close out the accounts on the dates claimed were given, they were given to plaintiff's agent and not communicated to the defendants in such a manner as to bind the defendants. Defendants are not liable for the manner in which Weinstock acted under the power of attorney.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.